THE STATE, EX REL. ZABLE, *v.* BENSON, TREASURER.

| 70 | 481 |
| 147 | 455 |
| 70 | 481 |
| 160 | 460 |

COUNTY COMMISSIONERS.—*Power to Settle with County Treasurer.—Allowance.*—Boards of county commissioners have power to settle with county treasurers and to make allowances to them, and such allowances, however erroneous, are not void, but valid, unless appealed from or set aside.

SAME.—*Appeal.—Judgment of Circuit Court.—Effect of.—Parties.*—Under section 31, 1 R. S. 1876, p. 357, any taxpayer of the county has the right to appeal from an order of the board of county commissioners making an allowance to the county treasurer ; and a judgment of the circuit court against such allowance, on an appeal therefrom, puts an end thereto, and leaves the order issued by the auditor for the same to stand, as to the party to whom it was allowed, as if no such allowance had been made.

SAME.—*County Orders.—Character of.—Subject to Defences in Hands of Holder.*—The provisions of sections 2 and 3, 1 R. S. 1876, p. 62, do not contemplate that the warrants issued by county auditors shall

bear the character of commercial paper, and whatever may be the form of the warrants issued by him upon allowances made by the county commissioners, they do not possess the character of commercial paper, so as to cut off defences, and such warrants, in the hands of a holder in g od faith for value, and without notice, are subject to all defences that could be made against them in the hands of the person to to whom they were issued.

SAME.—*Endorsement by County Treasurer.*—The act of a county treasurer in receiving an order issued by the auditor and endorsing thereon, "Presented, * and not paid for want of funds," does not bind the county to pay the order, nor estop the treasurer or his successor to set up defences thereto.

EVIDENCE.— *What May be Proved by Parol.*—The facts, that an appeal has been taken from a decision of the board of county commissioners, and that a transcript of the proceedings of the board was made within twenty days from the filing of an appeal bond, and delivered to the clerk of the circuit court, may be proved by the parol testimony of the auditor of the county.

SAME.—*Mandate.—Former Adjudication.*—In an action for a mandate by the holder of a county order, to compel its payment by the treasurer of a county, where the defence is, that an appeal was taken from the decision of the commissioners making the allowance upon which the order issued, and a judgment rendered against such allowance by the circuit court, the correctness of such judgment can not be inquired into, nor will it be considered on appeal by the Supreme Court.

From the Harrison Circuit Court.

*B. P. Douglass* and *S. M. Stockslager*, for appellant.

*W. A. Porter*, for appellee.

WORDEN, J.—Petition for mandate, by appellant, against the appellee, who was treasurer of Harrison county.

The substance of the case made by the petition is, that, on the 18th day of October, 1871, the Board of Commissioners of Harrison county, Indiana, allowed to one Edward Harbison the sum of two thousand six hundred and ninety-one dollars and eighty-three cents, and that afterward the auditor of the county drew his two warrants upon the treasurer of the county, in favor of Harbison, based on the allowance above mentioned. One of the warrants, commonly called county orders, was as follows :

"No. 339. County Officers. $2,000. Auditor's Office,

CORYDON, Ind., October 19th, 1871.

"The Treasurer of Harrison county, Indiana, pay to Edward Harbison or bearer two thousand dollars for part allowance disbursing county revenue, as allowed by the board of commissioners at their special October term, 1871.

"Attest: SAMUEL J. WRIGHT,

"Auditor of Harrison county."

The other warrant or order was in the same form, bore the same date, based on the same allowance, and was for the sum of six hundred dollars.

The first order was presented to the then treasurer for payment, October 23d, 1871, and the second October 25th, 1871, and by him endorsed "not paid for want of funds." Both orders have come to the relator, Zable, in the due course of business, for a valuable consideration, in good faith, and without notice of any defence thereto; but the treasurer, though often requested, and having funds in his hands applicable to the payment thereof, refuses to pay the same. Prayer for a mandate requiring the defendant, as such treasurer, to make payment.

An alternative writ was issued, to which the defendant made return as follows:

1. General denial.

2. "That, at a special session of the Board of Commissioners of the County of Harrison, held at the auditor's office in said county, on the 18th day of October, 1871, said Edward Harbison presented to said board of commissioners his account against said county for services rendered by him as former treasurer of said county, in disbursing $107,673.58 of ordinary county revenue raised by taxation, at $2\frac{1}{2}$ per cent., amounting to the sum of $2,691.83, which account so presented said board of commissioners then and

there allowed; and on the 19th day of October, 1871, Samuel J. Wright, then auditor of said county of Harrison, issued to said Harbison the two orders on the treasurer of Harrison county, set out and described in the first and second paragraphs of the plaintiff's complaint herein. And this defendant avers that said orders set forth in the first and second paragraphs of the complaint herein are part and parcel of said sum of $2,691.83, so as aforesaid allowed. Wherefore this defendant says that said orders were without consideration, illegal, wrongful and void, of all of which facts said relator had full knowledge at the time of receiving said orders.

" 3. That at a special session of the Board of Commissioners of the county of Harrison, held at the auditor's office in said county, on the 18th day of October, 1871, said Edward Harbison presented to said board of commissioners his account against said county, for services rendered by him as former treasurer of said county, in disbursing $107,673.58, of ordinary county revenue, which was raised by taxation, at 2½ per cent., amounting to the sum of $2,691.83 which account so presented said board of commissioners then and there allowed. And, on the 19th day of October, 1871, Samuel J. Wright, then auditor of Harrison county, issued to said Edward Harbison the two orders on the treasurer of said county, set forth and described in the first and second paragraphs of the complaint herein ; and the defendant avers that said two orders, set forth in the first and second paragraphs of the complaint herein, are part and parcel of said sum of $2,691.83, so as aforesaid allowed. Afterward, to wit, on the 23d day of October, 1871, Jacob Deutsch, a taxpayer of said county, appealed from the decision of said board of county commissioners, making said allowance, to the Harrison Circuit Court, and at the September term of said court, in the year 1872, said

action so appealed came on to be tried, and was then and there finally tried by said court, and on said final trial the said court found and so adjudged for the appellant, and that the claim of the said Harbison ought not to be allowed, which judgment now remains of record in said court, and by reference thereto the above facts will more fully appear," etc. " Wherefore," etc.

The plaintiff demurred to the second and third paragraphs of the return, for want of sufficient facts, but the demurrers were overruled.

The third paragraph of the reply to the third paragraph of return was as follows:

" 3. And for further reply to the third paragraph of return, said relator says, that on the 25th day of October, 1871, and after the date of the alleged appeal, in his return mentioned, the treasurer of Harrison county aforesaid accepted said orders and indorsed the same in his official capacity, in words and figures, as follows: 'Presented October 25th, 1871, and not paid for want of funds.

(Signed,)  "' L. W. BOWLING,

"' Treasurer Harrison County.' "

A demurrer for want of sufficient facts was sustained to this paragraph of, reply. Enough of the pleadings have been stated to develop the ground on which the case must be decided. Issue was joined and the cause submitted to the court for trial, which resulted in a finding and judgment for the defendant.

The appellant has assigned the following errors:

" 1. The court erred in overruling the appellant's demurrer to the amended second paragraph of appellee's return to the alternative writ of mandate;

" 2d. The court erred in overruling the appellant's demurrer to the amended third paragraph of appellee's return to the alternative writ of mandate;

" 3. The court erred in overruling the appellant's

exceptions to the amended second paragraph of said return ;

" 4.   The court erred in overruling appellant's exceptions to the amended third paragraph of said return ;

" 5.   The court erred in sustaining appellee's demurrer to the third paragraph of appellant's reply to the third paragraph of appellee's answer to the alternative writ of mandate ;

" 6.   The court erred in sustaining appellee's demurrer to the additional fourth paragraph of appellant's reply to the second paragraph of appellee's answer to the alternative writ of mandate ;

" 7.   The court erred in overruling the appellant's motion for a new trial."

We proceed to consider these several assignments of error.

The third and fourth raise no question not raised by the first and second, and will not be further noticed.

The first calls in question the sufficiency of the second paragraph of the answer.  We think this paragraph was insufficient, and that the demurrer to it should have been sustained.

The board of commissioners had power and jurisdiction to settle with the treasurer and make allowances to him; and if that body made him an allowance not authorized by law, and to which he was not entitled, the allowance was simply erroneous, but not void.   The allowance, like the judgment of any court having jurisdiction of the parties and the subject, however erroneous, is valid and binding, unless appealed from or set aside in some legitimate mode.   *Snelson* v. *The State*, 16 Ind. 29.   But in our opinion the relator was not in the least degree injured by the ruling on the demurrer to this paragraph.

The third paragraph alleged the same matters as the second, and, in addition thereto, the fact of an appeal from

the allowance to the circuit court, and the judgment of that court against Harbison; and if the third paragraph was good in point of law, and sustained by the evidence, it is apparent that it was not material to the merits of the case what the ruling may have been upon the demurrer to the second paragraph. If the third paragraph was good in point of law, and sustained by the evidence, the second paragraph may be regarded as eliminated from the case, and it is not material what pleadings were filed by way of reply to the paragraph. This disposes of the sixth error assigned.

We come now to the important question involved in the third paragraph of the answer, and have no doubt that the paragraph was good, and the demurrer to it correctly overruled.

The law allows an appeal from all decisions of the commissioners by any person aggrieved. 1 R. S. 1876, p. 357, sec. 31. Jacob Deutsch, as a taxpayer of the county, had the right to take the appeal. If the appeal did not itself, *ipso facto,* completely abrogate and annul the order of the board of commissioners making the allowance, the judgment of the circuit court in that behalf, against Harbison, on the appeal, did. The judgment of the circuit court, if not the appeal itself, entirely put an end to the allowance made by the board of commissioners, and left the orders issued by the auditor to Harbison to stand, so far as the latter is concerned, as if no such allowance had ever been made by the board.

But the question arises whether the relator, Zable, he being a holder of the orders in good faith, for value and without notice, stands in any better situation than Harbison. We are of opinion that he does not. He must be regarded as standing in the shoes of Harbison, and as holding the orders subject to all defences that could be made against them in the hands of the latter. If the

orders could in any sense be regarded as promissory notes, they are not payable at any bank in this State, and are therefore not governed by the law merchant. Nor are they bills of exchange, in the sense that would put them upon the footing of the law merchant.

The statute authorizing the auditor to issue his warrants upon the treasurer does not empower him to issue commercial paper; nor does it contemplate that the warrants issued by him shall have that character. Whatever, therefore, may be the form of warrants thus issued, they can not possess the character of commercial paper, so as to cut off defences, though in the hands of innocent holders for value.

The "act to authorize and limit allowances by courts and boards, and drafts upon county treasurers," approved May 27th, 1852, 1 R. S. 1876, p. 62, provides as follows :

"Sec. 2. The auditor may draw his warrant on the treasurer for a sum, the amount whereof, and the time when, and the person to whom, the same may be due, are fixed by law, or ascertainable from a public record, with proof of personal identity.

"Sec. 3. He may also draw his warrant upon the treasurer for a sum allowed, or certified to be due by any court of record, authorized to use a seal, and having jurisdiction beyond that of a justice of the peace; or by the board of county commissioners." See, also, 1 R. S. 1876, p. 154, sec. 4.

These provisions, as before observed, do not contemplate that the warrants issued by county auditors shall bear the character, or perform the office, of commercial paper.

On this point we quote the following passage from an elementary writer of distinction :

"Frequently a draft, order, or warrant is drawn by one officer of a municipal corporation upon another; or by the selectmen of a town, or supervisors of a county, upon an

officer, for the payment of corporate indebtedness to the payee. The intention in such cases is, as a general rule, to furnish vouchers to the proper disbursing officer, and not to put negotiable instruments in circulation. And it has been generally, and as we think justly, considered that such drafts, orders, or warrants, are not negotiable instruments, and can not be regarded either as bills of exchange or promissory notes, cutting out equities as against the corporation—on the ground that there is no implied authority in such officers to execute negotiable instruments.". 1 Daniel Neg. Inst., sec. 427. See the cases cited by the author.

In the case of *The Board of Comm'rs of Floyd Co.* v. *Day*, 19 Ind. 450, it was said that the insertion of the words "or bearer" in such orders was useless and harmless.

The third paragraph of reply to the third paragraph of return alleges, that the treasurer of the county accepted the orders, and endorsed them "Presented October 25th, 1871, and not paid for want of funds." We suppose the allegation, that the treasurer accepted the orders and made the endorsement mentioned, means nothing more than that the treasurer recognized them as valid, and made the endorsement. This act of the treasurer did not bind the county to pay the orders, nor did it estop that treasurer or his successors to set up the defence. No error was committed in sustaining the demurrer to this paragraph of reply.

This brings us to the questions arising on the motion for a new trial.

There were ten causes assigned for a new trial, the first to the sixth of which, inclusive, related to the admission of evidence, over the objection of the appellant; the seventh and eighth to the rejection of evidence offered by the appellant; and the ninth and tenth assigned that the

finding was not sustained by the evidence, and was contrary to law.

The first, second, third and fourth causes related to the admission of the testimony of Samuel J. Wright, who was auditor of the county at the time of the appeal.

The first relates to the testimony of Wright, that an appeal had been taken by Deutsch from the order of the board making the allowance. This was a fact that might be proved by parol. The mere fact that an appeal had been taken did not involve the contents of any record.

The second was that the witness was permitted to state the substance of the appeal bond given by Deutsch, not from his recollection of the bond, but from his knowledge of what the law required in such case. If there was any error in this, and indeed in the admission of parol evidence of the fact that an appeal had been taken, it was an entirely harmless one; for there was sufficient record evidence that the appeal had been taken, and that the parties appeared in the circuit court and submitted the cause for trial. This was a waiver of any defects in the appeal bond, if there were any such defects.

Third. That Wright was permitted to testify that the amount of the disbursements set forth in the account filed before the board of commissioners was obtained by adding up the lists of county orders deposited. This, if erroneous, was harmless. The defence was the appeal from the allowance and the judgment of the circuit court against Harbison. The correctness of that decision can not be here enquired into, nor could it have been in this case, in the court below.

Fourth. That Wright was permitted to testify that he, as auditor of the county, within twenty days after the filing of the appeal bond by Deutsch, made out a certified transcript of the order of the board of commissioners making the allowance to Harbison, and delivered the

same, together with the original account filed in said proceeding, and said appeal bond, to the clerk of the Harrison Circuit Court. This was a simple fact that might be proved by parol.

The fifth and sixth causes for a new trial relate to the admission in evidence of the record of the proceedings in said cause on appeal to the circuit court. There was no valid objection to the evidence.

The seventh and eighth causes relate to the following evidence offered by the relator and rejected : The relator offered to prove the forms and instructions furnished the county auditor by the Auditor of State, dated Indianapolis, April 20th, 1841, by which the defendant offered to prove that the Auditor of State had at that date prescribed the form of the county order, which is substantially in the form of those involved in this action, and that the form was adopted by the auditor of Harrison county, and had been retained and used by the auditor of that county ever since that date ; that county orders in that form have been ever since their issue passed from hand to hand by delivery, in the common course of business, without endorsement, and that the several treasurers of said county have uniformly redeemed such orders when presented, when they had funds for the purpose, without regard to the person by whom presented. This evidence was rejected.

The object of the evidence thus offered and rejected was to prove, as we suppose, that the orders in question ought to be held as governed by the law merchant. But we are of opinion that no error was committed in rejecting the evidence. If it had been received, it would not have shown that the auditor had the power or authority to draw such a warrant upon the treasurer as would have been governed by the law merchant.

The verdict was sustained by the evidence, as it estab-

lished the defence set forth in the third paragraph of the return to the writ, and was in accordance with law.

The judgment below is affirmed, with costs.