Meehan v. Wiles.

No. 11,016.

MEEHAN v. WILES.

DRAINAGE.—*Appeal from County Commissioners and its Effect.*—Under the act of 1879, concerning drainage, an appeal would lie from an order of the county board determining that the proposed drain would be of public utility and appointing appraisers, and all proceedings under the order appealed from, pending the appeal, were void, though the circuit court, on trial of the appeal, afterwards rendered a judgment similar to that appealed from.

SAME.—*Appeal Bond.*—That an appeal bond is insufficient, does not destroy the effect of an appeal from the county board, if, when objection is made, a sufficient bond be filed, and the circuit court retains and tries the cause and enters judgment thereon.

From the Hamilton Circuit Court.

*D. Moss, R. R. Stephenson* and *W. H. Craig,* for appellant.
*W. Neal* and *J. F. Neal,* for appellee.

FRANKLIN, C.—Appellant sued appellee for a certain ditch assessment made under the statute of March 15th, 1879.

The defendant filed a special paragraph of answer, to which a demurrer was overruled.

The plaintiff filed a special paragraph of reply, which, on motion of the defendant, was by the court stricken out, and judgment rendered for the defendant for costs.

The errors assigned are the overruling of the demurrer to the answer and the striking out of the reply.

The answer, in substance, alleges that at the time of hearing the petition for the ditch by the board of commissioners, the defendant, with others, appeared before the board and remonstrated against the construction of the ditch on the ground of the want of public utility; that the board decided that the ditch would be of public utility, overruled the remonstrance filed, and appointed appraisers to assess the damages and benefits of land-owners affected thereby, from which the defendant appealed to the circuit court of said county, and filed his bond in said appeal, which was approved by said board, and a transcript of the proceedings therein was filed

Meehan v. Wiles.

in the said circuit court, and the appeal placed upon the docket of the said circuit court to be heard and determined as other causes pending therein; that, notwithstanding said appeal, the plaintiff proceeded under said order establishing said ditch and appointing said appraisers to have the damages and benefits appraised and the assessments made for the construction of the ditch, and to have the ditch constructed and completed accordingly, during the pendency of said appeal and before the same was finally determined in said circuit court; that said assessment was and is void for the want of authority to make the same.

The reply admits the appeal, the making of the assessment, and the construction of the ditch during the pendency of the appeal, and before it was finally determined in the circuit court; and avers that the appeal was afterwards finally determined in favor of appellant, and the said order of the board was approved and adopted as the order of the circuit court.

The questions presented and discussed by counsel are, did the appeal stay proceedings under the order of the board until its determination? And, if so, did the subsequent proceedings of the circuit court validate such proceedings had under the order of the board while the appeal was so pending?

Appellant insists that the appeal to the circuit court was a nullity, for the reason that no such appeal could be legally taken, that the order of the board determining that the contemplated work was of public utility, establishing the ditch, and appointing the appraisers, was merely an interlocutory order from which no appeal would lie, and that the statute under which the proceedings were had only gives the right to appeal from the assessment, which was not done in this case.

The first section of the act of 1879 (see Acts 1879, p. 234), in the last part thereof, provides that "any person, whose land is affected by said proposed ditch or drain, may come before such board and contest the public utility of the same; and if the board of county commissioners become satisfied

that the work contemplated by the applicants is of public utility, they shall appoint three disinterested freeholders, appraisers."

This embraces all the duties required by the act to be performed by the county board in relation to the matter; and from which no right of appeal is expressly given by the act.

All the other proceedings are had by, between and with the appraisers, engineer and county auditor. The 12th section of the act, Acts 1879, p. 238, provides for an appeal from any of the proceedings of the appraisers, but such appeal shall not avoid the assessment or destroy its lien, but shall only affect the amount assessed against the appealing party.

So, if an appeal from the determination of the county board, upon being satisfied that the ditch is of public utility, establishing it and appointing appraisers, can not be taken, then no appeal lies from any decision of the county board in relation to the matter.

In the case of *Houk* v. *Barthold*, 73 Ind. 21, the following language is used: " The provision of the commissioners' statute is, of itself, broad enough to authorize an appeal. The language of section 31 is very broad: 'From all decisions of such commissioners there shall be allowed an appeal.' 1 R. S. 1876, p. 357, sec. 31.

" The order of the board ' establishing the ditch ' is certainly a decision, and, if a decision, the aggrieved party has a right of appeal under the general statute. The clause quoted from section 10 of the ditching statute, by reference, embodies the provisions of section 31 of the commissioners' statute, and thus expressly applies them to all final decisions under the former act. The right of appeal from final judgments of inferior tribunals is one which ought not to be abridged by strict construction, but, on the contrary, should rather be extended, for the provisions of the statute conferring it are clearly remedial."

The case of *Bryan* v. *Moore*, 81 Ind. 9, was under this same statute; in that case there had been an appearance, a remon-

strance filed before the board on account of want of public utility in the ditch, and an appeal taken to the circuit court from the determination of the board upon that question; and in the opinion this court said: "The statute under consideration makes no provision for an appeal from the finding and judgment of the county board upon the question of the public utility of the contemplated work. But, while this is so, it is equally true that this statute does not deny the right of appeal from such finding and judgment or decision of the county board, to any person aggrieved thereby." Reference is then made to the general provision for appeals from the decisions of county boards. "Under this statutory provision, we are clearly of opinion that the appellees, being aggrieved by the finding and decision of the county board, that the work contemplated by them was not of public utility, had the right to appeal therefrom to the circuit court of the county."

In the case under consideration, the county board found and decided that the contemplated work was of public utility. This gave the remonstrators the same right to appeal in this case that the finding and deciding that it was not of public utility gave to the petitioner in that case. We think that case is decisive of the question under consideration, and that this appeal was valid.

It is further insisted that the appeal was ineffectual to stay proceedings, because no sufficient bond was filed. The bond had no third party's name signed to it as surety, and was approved by the county board instead of the auditor.

The auditor considered the bond sufficient to authorize the appeal, by filing the transcript in the circuit court. When the bond was objected to in the circuit court, a new and sufficient bond was filed and accepted by the court. The old bond had been acted upon until the new was filed. This was sufficient. No motion was made to dismiss for the want of a bond, and the defect in the bond did not render the appeal ineffectual or void. See R. S. 1881, section 1283, and the case of *Board, etc.*, v. *Loeb*, 68 Ind. 29.

The remaining question is, after appeal had been perfected by filing the transcript in the clerk's office, and placing the case on the circuit court docket, and while such appeal was pending, did any of the subsequent proceedings, under the order of the board appealed from, have any validity?

We think all such subsequent proceedings were without authority, so far as binding any person by assessments that may have been made.

The appeal vacated the proceedings already had and suspended further proceedings until it should be finally determined. The case went to the circuit court on the appeal for a trial there *de novo*. *Turley* v. *Oldham*, 68 Ind. 114; *Schmied* v. *Keeney*, 72 Ind. 309; *Corey* v. *Swagger*, 74 Ind. 211; *Cox* v. *Lindley*, 80 Ind. 327; *Coolman* v. *Fleming*, 82 Ind. 117.

There is no error in overruling the demurrer to the answer. Counsel have not discussed the merits of the motion to strike out the reply. Appellant's counsel is content with saying that such a practice is unknown to the law.

The practice of striking out irrelevant pleadings has often been resorted to. No special reason has been pointed out, and we see none, why this reply should not have been struck out. It is not responsive to the answer. Nothing that the circuit court could afterwards do, would validate the proceedings under the order and decision of the county board had pending the appeal in the circuit court. The circuit court did not possess such appellate jurisdiction as to enable it to act as a court of errors and affirm or reverse the decision of the county board, and make its judgment have a retroactive operation back to the date of the judgment of the county board, so as to infuse vitality into that judgment. The judgment of the circuit court must be *de novo*. The same as though no former judgment had been rendered. The judgment of the county board, being set aside by the appeal, could not be reinstated by the judgment of the circuit court.

There was no error in striking out the reply. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

