Stipp *et al. v.* Claman, Treasurer.

No. 14,195.

**STIPP ET AL. *v.* CLAMAN, TREASURER.**

FREE GRAVEL ROAD.—*Establishment of.*—*County Commissioners.*—*Special Session.*—The board of commissioners have power to act at a special session, in the matter of the establishment of a free turnpike road.

SAME.—*Appeal by Some Property Owners.*—*Effect of as to Others.*—An appeal by some of those whose property would be affected by the establishment of a free turnpike road, from the order of the board of commissioners, in reference to the same, does not have the effect to stay or suspend proceedings as to those who did not appeal. *Meehan* v. *Wiles,* 93 Ind. 52, distinguished.

EVIDENCE.—*Introduction of After Argument.*—*Discretion of Court.*—Where after the close of the evidence, and the argument of counsel, the court permitted one of the parties to the action to introduce additional testimony, there is no available error, unless it is made to appear that the court abused the discretion it has in such a matter, to the detriment of the complaining party.

BERKSHIRE, J., dissents.

From the Monroe Circuit Court.

*J. R. East, W. H. East, S. E. Carmichael, E. Corr, M. M. Dunlap, R. W. Miers, M. F. Dunn* and *G. G. Dunn,* for appellants.

*J. H. Louden, W. P. Rogers, J. W. Buskirk* and *P. K. Buskirk,* for appellee.

COFFEY, J.—This was a suit by the appellants against the appellee, as treasurer of Monroe county, to enjoin the collection of assessments made for the purpose of constructing a free gravel road under the provisions of sections 5091 to 5114, R. S. 1881.

The causes alleged in the complaint for enjoining such assessments are :

*First.* That at the time the petition for said improvement was presented to the board of commissioners said board was not in regular session, but was specially called together by the auditor of Monroe county, and that said board at said

special session granted the prayer of said petition, and appointed viewers and an engineer who were ordered to meet at the office of the auditor of said county on the 29th day of May, 1884, to qualify and proceed to view, lay out and straighten said proposed improvement; that they were the only viewers appointed to view said proposed improvement.

*Second.* That on the 23d day of June, 1884, or prior thereto, a petition had been filed by parties claiming to represent a majority of the land-holders, and also a majority of the acres of land lying within two miles of the proposed improvement, and whose lands had been reported as benefited by said proposed improvement; that on said day, John Stipp, one of the appellants, and others, filed exceptions, which were overruled by said board, and an order entered that said improvements be made as prayed for in said petition, and that the lands set out in said report be assessed for the expenses of said improvements; that at the time of making said orders said board was not in legal session for the reason that the regular session of said board expired on the 11th day of June, 1884, and said board was not in special session because said session was not called by the auditor of said county, nor by the clerk of the circuit court, nor the recorder of said county.

*Third.* That within thirty days from the time of making said orders John Stipp and others placed an appeal bond on file with the auditor of said county, and caused an appeal to be taken to the Monroe Circuit Court from said orders ; that while said appeal was pending in the Monroe Circuit Court, to wit, on the 17th day of July, 1884, said board received bids for said improvement, and let the contract for the construction of the same to Messrs. Stewart and Stewart, and on the 4th day of September, 1884, while said appeal was still pending, said board made an order to issue bonds to an amount not exceeding $20,000 for the construction of said improvement.

*Fourth.* That on said 23d day of June, 1884, said board

appointed John A. Reeves, James A. Baker and Jacob Carmichael to assess the benefits to the land lying within two miles of said improvement which had been reported as benefited by said first viewers, and that said Reeves, Baker and Carmichael filed their report on the 2d day of February, 1885, while said appeal was still pending, which assessment is the tax sought to be collected by the appellee; that said board, at said time it received said report, while in special session, confirmed the same, and ordered said tax to be assessed and collected for the purpose of defraying the expenses of said improvement.

Upon issues formed the cause was tried by the court, who, at the request of the appellee, made a special finding of the facts proven, and stated its conclusions of law thereon. The appellants excepted to the conclusions of law, filed a motion for a new trial, which was overruled, filed a motion for a *venire de novo*, which was overruled, and, also, moved the court for judgment in their favor on the special finding of facts, which was also overruled, and they excepted. The court rendered judgment on the special findings for the appellee, from which this appeal is prosecuted.

No question on the pleadings is presented or argued by either party in their briefs, and for this reason they need not be further considered.

It is shown by the special finding of the court that the board of commissioners of Monroe county met in special session on the 5th day of May, 1884, on the call of the auditor of said county, to consider a petition for the gravel road now in dispute; on that day Wylie and five or more other land-owners, whose land would be affected by the proposed improvement, filed and presented to said board their petition praying for the location and construction of a free turnpike road, and filed the bond required by the statute, which was approved. The board thereupon appointed three disinterested freeholders and a competent engineer to view and lay out the proposed improvement and estimate the ex-

pense and damage, and to report the lands affected thereby, and ordered that they should meet at the auditor's office on the 29th day of May, 1884, to qualify and proceed with said view. The auditor issued and published the statutory notice.

At the regular June term of said board the petitioners appeared, and William Campbell, Eliza Shields, F. E. E. Randall, Robert Marshall, J. M. May & Son and Nathan Smith, appellants here, and three others, filed a petition asking to withdraw their names from the petition for said proposed improvement, which was refused by the board. Barton Armstrong and others moved to dismiss the petition, which motion was overruled, and said viewers then filed their report. After overruling a motion to dismiss the report, the board, on proof, found that a majority of the land-owners whose land would be benefited by the proposed improvement, and that a majority of the owners of the whole number of acres of land benefited by said improvement, had subscribed the petition, and that public utility required the construction of said improvement, approved said report, and ordered that said improvement should be made, and thereupon John Stipp and others demanded a jury to reassess their damages, which was granted, and on the 23d day of June the board again met and received the report of said jury, and over the objection of Stipp and others approved the same; and B. F. Adams was appointed engineer to superintend said work, and three disinterested freeholders were appointed to apportion the benefits, which committee filed its report with the auditor; upon filing such report the auditor issued and published the statutory notice that the same would be acted upon on the 2d day of February, 1885, which was done on that day by the board in special session. On the 8th day of September, 1884, the said board of commissioners issued bonds in the sum of $24,100, and sold the same to pay the expenses of said improvement. On the 17th day of July, 1884, said board, in special session, awarded the contract for said improvement, and on the 6th day of October, 1885, accepted

said work as completed, and discharged the superintendent. From the order of the board establishing and directing said improvement John Stipp and others appealed to the circuit court. On the 11th day of April, 1885, the matters involved in said appeal were compromised, by the terms of which the parties appealing received five hundred dollars, and agreed in consideration thereof to dismiss said appeal, and institute no other suits and make no further resistance to the prosecution of the work on said improvements.

The report of the committee to apportion the benefits was received and approved, the order issuing bonds to defray the expenses of said improvement, the contract for said improvement, and the acceptance of said work by the board of commissioners were all done during the pendency of said appeal.

Of the appellants here, William Campbell, Eliza Shields, John Stipp, J. D. Handy, Robert Marshall, William A. Rogers, Stephen McPhetridge, Ervin Grimes, H. C. Roher, Thomas Kilpatrick, Nathan Smith, J. M. May & Son, Thomas E. Randall, W. H. Douglass, and William Wymer, signed the original petition for the improvement in question.

On account of the construction of said work damages have been assessed and paid as follows: William O. Blakely, $30; William A. Campbell, $75; Edmond Anderson, $37; Samuel Fowler, $100; Bart. Armstrong, $380; John Stipp, $25.

It is conceded by the appellants that they can not succeed in this action unless the proceedings of the board of commissioners are void. They contend that said board had no power to act in proceedings for the establishment of a free turnpike road at a special term, and that inasmuch as the original petition, which is the basis for all subsequent proceedings, was presented and acted upon at a special term of such board the whole proceedings are void, and, as a consequence, the court erred in overruling their motion for judgment on the special finding.

While, at the time this cause was tried, the question here involved had not been decided by this court, it can not now be regarded as an open question. It is now settled that the board of commissioners has power to act at a special session in the matter of the establishment of a free turnpike road. *White* v. *Fleming,* 114 Ind. 560.

By the presentation of the petitions the board acquired jurisdiction of the subject matter of this controversy, and by the report of the viewers and the statutory notice it acquired jurisdiction over the persons of the parties interested, at the regular June term, 1884, and no subsequent action of said board was void, unless it is so because of the pending appeal. *White* v. *Fleming, supra; Stoddard* v. *Johnson,* 75 Ind. 20; *Hobbs* v. *Board, etc.,* 103 Ind. 575.

It becomes necessary, therefore, to inquire whether an appeal by some of those whose property would be affected by the proposed improvement had the effect to stay or suspend proceedings as to those who did not appeal. Ordinarily an appeal has the effect of vacating the order of the board from which the appeal is taken, and the cause is tried in the circuit court *de novo. Turley* v. *Oldham,* 68 Ind. 114; *State, ex rel.,* v. *Benson,* 70 Ind. 481; *Meehan* v. *Wiles,* 93 Ind. 52.

It may be that the appeal here had the effect to vacate the order of the board as to those who appealed, but we do not think it had that effect as to the other parties who were willing to abide by such orders, and did not participate in such appeal. The act providing for the construction of free turnpike roads contemplates that the assessments against the land to be benefited by such improvement shall be several and not joint; and, hence, it is provided in said act that no person shall be permitted to take advantage of any error in any proceeding to lay out, construct, or improve any road under and by virtue of that act, nor of any error committed by the county commissioners or county auditor, or by the engineer or surveyor, or other person or persons in the proceeding to lay out, construct, or improve any such road, nor of any in-

formality, error, or defect appearing in the record of such proceeding, unless the party complaining is affected thereby. How are the parties who did not appeal from the order of the board affected by the action of such board during the pendency of the appeal? It neither increased nor diminished their assessments. Their burdens are the same as if the board had suspended action until the appeal was terminated, and as they are not affected thereby they can not, under the express terms of the statute, be permitted to take advantage of the error of the board in acting, pending such appeal, if it were error to act.

Those who appealed having in their possession the money received by them from the other parties interested, in consideration of the dismissal of such appeal and of their agreement not to institute any other suit, or otherwise interfere with the improvement sought to be made, do not stand in a situation to appeal to a court of equity in this case. A court of equity will not aid them in a violation of their agreement while they hold on to the money obtained under the terms of such agreement. This case is to be distinguished from the case of *Meehan* v. *Wiles, supra,* by reason of the difference in the two statutes under which the proceedings were had. In our opinion the assessments made by the board of commissioners pending the appeal referred to in the special finding, were not void as to those who did not appeal, and, therefore, the court did not err in overruling the motion of the appellants for judgment in their favor on the special finding of facts, nor in its conclusions of law on such facts.

Finally it is contended that the circuit court erred in admitting certain evidence. It appears by the record that after the close of the evidence, and the argument of counsel, the court permitted the appellee to prove that one of the notices required by the statute had been published in a certain newspaper printed and published in Monroe county. This was a matter largely in the discretion of the trial court,

and unless it is made to appear that the court abused such discretion to the detriment of the appellants, the cause should not be reversed on account of the admission of this evidence. It does not appear that the court abused its discretion, or that the appellants were affected by it otherwise than they would have been affected had the evidence been introduced in its regular order.

Furthermore, there is no allegation in the complaint to the effect that the notices required by the statute had not been given.

We are unable to see how this evidence could, in any manner, affect the case, as the burden was upon the appellants to allege and prove the want of notice if they desired to avail themselves of such a defect in the proceedings, a thing which they did not attempt.

There is no error in the record.

Judgment affirmed.

Filed April 23, 1890; petition for a rehearing overruled June 25, 1890.

## DISSENTING OPINION.

BERKSHIRE, J.—I dissent from the conclusion of the court that the board of commissioners has jurisdiction, when in special session, to receive the petition and appoint viewers as provided for in section 5092, R. S. 1881. This court has decided over and over again that the judicial powers of the board of commissioners can not be invoked except when it is in regular session. It is clear to my mind that the action of the board, as provided for in said section 5092, is judicial in its character.

Filed April 23, 1890.