## CHURCHILL v. VAUGHAN.

### Opinion delivered April 10, 1916.

1. ROAD DISTRICTS—FORMATION—FILING MAPS, ETC., AND ESTIMATES.— A road district, attempted to be formed under Act 338, Acts of 1915, will be held not to have been properly formed where the terms of the statute were not complied with in respect to procuring and filing with the county court, a survey of the road and maps, plans, specifications and estimates made by the engineer of the State Highway Commission.

2. ROAD DISTRICTS—FORMATION—SIGNATURES OF PROPERTY OWNERS.—The establishment of a road district depends upon a finding by the court that the petition therefor is signed by either a majority in land value, acreage or in number of land owners within the proposed district, and that the establishment of the district is found to be to the best interests of the county and land owners in said district.

3. ROAD DISTRICTS—VALIDITY OF ORGANIZATION—APPEAL—WORK PENDING ADJUDICATION.—Where a road district is sought to be organized under Act 338, Acts of 1915, and is established by the county court, work is not suspended pending an appeal to the circuit court, and unless the appeal be successful in obtaining a final judgment of the appellate court against the establishment of the district, proceedings had, while the appeal was pending, are valid.

4. ROAD DISTRICTS—FORMATION—APPEAL—INVALIDITY.—The establishment of a road district should be declared void, when an appeal taken from the county court to the circuit court is sustained, although the appeal was not taken by all the land owners within the proposed district.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Brundidge & Neelly,* for appellants.

1. The appeal of Ray and Howel affected their lands and the district remained in full force as to all property owners who did not appeal. Acts 1915, Act 338, § 3, etc. 24 N. E. 131, 175; 2 Words & Phrases, 536.

2. The finding of the county court as to acreage and benefits was final and conclusive, and it appears there was a sufficient number of signers and the district was for the best interest of the county and district. Unless all the owners appealed the court could not determine whether the district was beneficial or not, or whether a majority had signed or not. Page & Jones on Tax. by Assessments, Vol. 2, p. 2011, § 1368.

3. The burden was on appellants to show that it was not for the best interests of the county and that the requisite number of signers had not signed the petition. 113 Ark. 496.

*P. R. Andrews* and *Eugene Cypert,* for appellees.

1. This case was rightfully appealed to the circuit court and stood for trial *de novo* on the issues made below. Const. 1874, Art. 7, § 33; Kirby's Digest, § 1492.

2. The only issues were, Did the petition contain a majority in acreage or value and was it for the best interests of the district or county. On both these the circuit court found for the remonstrants. The case 24 N. E. 131 is not in point. This court has held that any person can show that a statute has not been complied with. 104 Ark. 145; 119 Ark. 154. The finding below should not be disturbed. 104 Ark. 145; 116 Ark. 30.

3. The petition did not contain a majority and the formation of the district was for the best interest of the land owners. The court so found and it is conclusive. 116 Ark. 30; 106 Ark. 304.

McCulloch, C. J. Certain owners of real estate in White County presented a petition to the county court for the creation and establishment of a road improvement district pursuant to the terms of Act No. 338 of the General Assembly of 1915. Descriptions of the road to be constructed, and of the region to be included within the boundaries of the district, were set forth in the petition, and a plat of the proposed district and route of the road was also filed with the petition. A considerable number of owners of real property, which would have been affected by the creation of the district, filed a counter petition protesting against the establishment of the district. The county court heard the matter upon the petition and counter petition and made an order creating and establishing the district in accordance with the prayer of the original petition. Two of the landowners, who were among those who remonstrated against the creation of the district, took an appeal to the circuit court. They

filed the affidavit and bond prescribed by the statute. The matter was heard by the circuit court upon the petition and counter petition and upon oral testimony, and the court found that the original petition did not contain the signatures of a majority of the owners of land in the district, and also found that it was not to the best interest of the county, or the landowners within the proposed district to establish the district, and denied the prayer of the petition. Judgment was rendered by the court that said district "be not established as a road improvement district in and for White County, Arkansas." The case is brought here for review on the appeal of the original petitioners.

(1) The case may be disposed of by following the decision of this court in the recent case of *Lamberson v. Collins*, 123 Ark. 205, the record failing to show that the terms of the statute were complied with in respect to procuring and filing with the county court a survey of the road and maps, plans, specifications and estimates made by the engineer of the State Highway Commission.

(2) In addition to that, the judgment must be affirmed for the reason that the evidence was sufficient to support the finding of the circuit court that the petition was not signed by a majority of the owners of land within the proposed district, and that it was not to the best interests of the county and of the landowners to establish the district. The evidence on those subjects is conflicting, and there being sufficient to support the finding of the circuit judge it is our duty not to disturb it. *Jacks Bayou Drainage District* v. *St. L., I. M. & S. Ry. Co.*, 116 Ark. 30. The statute makes the establishment of the district depend upon a finding by the court that "the petition is signed by either a majority in land value, acreage or in number of landowners within the proposed district," and that the establishment of the district be found to be "to the best interests of the county and landowners in said district."

It is insisted, finally, that the court erred in adjudging that the district be not established, and that in-

asmuch as only two of the property owners appealed from the order of the county court creating the district, the judgment of the circuit court should have been limited to granting relief only to those two appellants by excluding their lands from the district. The contention is based upon the peculiar language of the statute regulating appeals from an order of the county court establishing a district. That part of the statute reads as follows:

"Any owner of real property within the district may appeal from said judgment within thirty days by filing an affidavit for appeal, stating in said affidavit the special matter on which said appeal is taken, and any owner of real property may likewise appeal from the order of the county court refusing to establish said district or eliminating any territory therefrom.

"No appeal shall delay the proceedings for carrying out the proposed improvement after the order of the county court establishing same is made, and any party not appealing within the time herein prescribed shall be deemed to have waived any objections he may have to said order, and to have relinquished all rights he may have had to question the same."*

(3-4) The argument is that the order of the county court establishing the district is, to follow the exact language of the statute, "deemed conclusive, final and binding upon all territory embraced in said district," and that notwithstanding an appeal by a portion of the landowners the establishment of the district remains in full force and continues to exist as to all property owners who do not appeal and successfully maintain their objections. The purpose of the statute was, we think, to prevent a temporary suspension of the judgment of the county court establishing the district, pending the appeal to higher courts. It would not do to say that the Legislature meant that the district should continue in full operation notwithstanding the fact that the organization had been declared invalid at the instance of a number of

---

*Section 3, Act 338, p. 1406, Acts of 1915. (Rep.)

property owners. Such a construction as that would impose the burden of taxation for the construction of the improvement upon only a portion of the lands in the district. In other words, some of the owners of land would be allowed to escape taxation by successfully prosecuting their protest against the organization of the district, while others who were less aggressive might have to sustain the increased burden. Certainly no such impossible situation as that was intended to be created by the Legislature. The appeal does not, under the terms of the statute, suspend the judgment of the county court creating the district, but when it is found at the instance of the protesting property owners that the organization is invalid, it is the duty of the circuit court on appeal to so declare. The appeal itself does not suspend the judgment creating the district, and proceedings may be continued thereunder pending the appeal, but when a final judgment is rendered on appeal declaring the district not to have been duly organized, then that stops the whole proceeding the same as if it had been so adjudged by the county court.

Counsel for appellants rely, as sustaining the contrary view upon a decision of the Supreme Court of Indiana in the case of *Stipp* v. *Claman*, 123 Ind. 532, 24 N. E. 131. But we do not consider that decision in point, for the only question involved was whether or not an appeal from an order creating an improvement district operated as a suspension of the judgment. The contention in that case was that, regardless of the final outcome of the appeal, the proceedings had while it was pending were void because the judgment creating the district had been suspended, and the Supreme Court held against that contention. The effect of our statute undoubtedly is to prevent a temporary suspension of the proceedings pending an appeal, and unless the appeal be successful in obtaining a final judgment of the appellate court against the establishment of the district, proceedings taken while the appeal is pending are valid.

Judgment affirmed.