## THE BOARD OF COUNTY COMMISSIONERS OF WASHITA COUNTY v. WILSON HAINES.

1. ELECTION—*Herd Law—Appeal.* An appeal lies from all decisions of the board of county commissioners under our statute, and as under the provisions of art. 2, ch. 2, Statutes of Oklahoma, it is made the duty of the board of county commissioners to call an election to determine whether or not a regulation permitting stock to run at large shall be adopted, and where such board erroneously decides that such an election is a resubmission of the question to the voters, *held*, that an appeal will lie to the district court from such decision.

2. SAME.    Section 4, art. 2, ch. 2, construed:  A second election under § 4, art. 2, ch. 2, is not a resubmission as contemplated in such section, unless a majority of the resident electors of the district shall have at a prior election voted in favor of putting into effect a regulation permitting stock to run at large.

*Error from the District Court of Washita County.*

*R. B. Forrest*, for plaintiff in error.

*John F. Stone*, for defendant in error.

The opinion of the court was delivered by

DALE, C. J.:  February 17, 1896, Wilson Haines filed in the district court of Washita county an appeal from the decision of the board of county commissioners of such county, and asked a reversal of their decision wherein said board held that stock should not be restrained in stock district No. 8, in said county.

It appears from the record that upon a proper petition of voters in stock district No. 8, in Washita county, the board of county commissioners of such county called an election for December 21, 1895, to determine whether or not stock should be restrained from running at large. At the date of such election there were one hundred and forty qualified electors in said district; of this number sixty-four voted against restraining stock from running at large, fifty-six voted in favor thereof; four ballots were mutilated and not counted, and sixteen did not vote upon the proposition.  Upon this vote the board of county commissioners declared the proposition carried.

To understand fully the question here for decision it is necessary to state that the election of December 21, 1895, was a second election held for the purpose of submitting the same question, the first being called for December 28, 1894, at which time the vote of the district was in favor of restraining stock from running at

large. And from this it appears that prior to the second election the law generally in force in the Territory which prevents stock from running at large had always been in operation in stock district number eight. The appeal is brought here upon three assignments of error which present the following questions:

*First.*. Will an appeal lie from the action of the board of county commissioners in receiving and recording the result of the election.

*Second.* Was the second election held a resubmission of the question within the meaning of § 4, art. 2, ch. 2, Laws of 1893, and.

*Third.* Can the district court determine upon appeal the result of an election?

Under § 1, art. 2, ch. 2, entitled "Herd Law Provissions," "Every owner of swine, sheep, goats, stallions, and jacks shall restrain them from running at large at all seasons of the year; all other stock shall be restrained unless permitted to run at large as hereinafter provided in this act."

Section 2, *supra,* provides that the county commissioners shall on petition divide their county into districts for the purpose of determining whether or not stock other than swine, sheep, goats, stallions and jacks shall be permitted to run at large. Section 3 of the same act provides for the calling of an election upon petition from any district in a county, and the submission to the legal voters of the question. Section 4 reads as follows:

"If at such election the majority of the electors resident of the district so formed shall vote in favor of either one of such regulations, then the same shall take effect and be in force within the district at the end of thirty days after the election so held, and continue in force until an election is held for a resubmission of the same question, and if a majority of the electors of the same

district voting therein shall vote against the regulation at the resubmission, then the regulation shall cease to be effective at the end of ninety days thereafter."

Washita county was under the provisions of this law divided in several stock districts, and the question of restraining stock duly submitted to the electors of district No. 8 the first time on December 28, 1894, and by a majority of the votes cast at the election no change was made. Again on December 21, 1895, upon petition, the same question was submitted and at such election the board of county commissioners determined that the proposition to permit the running at large of stock was carried, and so found.

The first question for our consideration is whether or not under the law an appeal will lie from the decision of the board of county commissioners. Our statute provi!es that "from all decisions of the board of commissioners upon matters properly before them there shall be allowed an appeal to the district court by any person aggrieved." (Section 7, art. 9, ch. 22, Laws 1893.) It is contended however that this is not applicable to questions of dispute which arise in canvassing and declaring the result of an election. This contention is perhaps well taken in so far as it relates to matters purely ministerial, but not as to disputed questions of fact which may arise and which call for a decision upon the part of the board. Whether or not the decision of the board which declared the law requiring persons to restrain stock in district number eight abrogated was correct, depended upon a number of facts; and it was necessary for the board to pass upon such facts before they were authorized under the law to determine that stock should not be restrained. *First*, they must determine the number of resident electors in a district. This is a fact which must be found

before an election can be called, as the jurisdiction to call the election is based upon a petition of one-fourth of the legal voters of the district. *Second,* the board must determine at the first election that a majority of the electors residing in the district have voted in favor of allowing stock to run at large, as this finding is necessary under the statute before they may declare the law abrogated as to such district. And, *third,* if an election has been previously held in the district, as was the case under consideration, the board must determine whether or not the second election was a resubmission of the question as contemplated in the statutes. In all these matters the board of county commissioners act judicially, and from their decision an appeal to the district court will lie. This appeal does not bring to the district court for review any matter wherein the board acted simply in a ministerial capacity as a canvassing board, but only those questions upon which they acted judicially in their findings upon which they predicated the result. To this extent an appeal will lie under § 7, art 9, *supra.*

Whether or not the election called for December 21, 1895, was a resubmission of the question under § 4, art. 2, *supra,* depends entirely upon the construction given to the language of such section. This section clearly provides that a majority of all resident electors must vote in favor of free range at the first election in order to change existing conditions. But it is contended that if one election be held and free range be defeated, a second election is such a resubmission as will enable a majority of the votes cast to put free range into operation. We do not assent to this view. The section of the statute construed as a whole evinces the mind of the legislature with certainty. That part which provides when the regula-

45——IV.

tion may be put into effect is followed by and is a part of the law which also provides how the regulation may be discontinued. The language used "and shall continue in force until an election is called for a resubmission" refers to a condition precedent, that is, to the regulation providing for free range therefore in force, and it is to determine whether or not such regulation shall be continued in force that the election upon the question of resubmission is called; and if the regulation is once put into effect, that is, if the law requiring owners to restrain stock has been abrogated, a majority of all those voting may restore the law. This view is in harmony with the spirit of the law, and is, we think, in accord with its letter. There must be a majority of all the resident voters in a district in favor of abrogating the law before stock is permitted to run at large. If this be true an election which does not favor this has no effect upon a subsequent election. To hold that the first election has the effect contended for by counsel for appellant would defeat the provision which requires a majority of the resident electors to open up the district for free range, and would permit the law to be set aside without ever having had such a majority in favor thereof.

We hold, therefore, that the second election held on December 21, 1895, was not a resubmission of the question within the meaning of the statute.

The third question presented is answered by a discussion of the first assignment of error. Counsel for appellant fails to distinguish between what he terms "the result of an election" and the questions which are involved in reaching such result. The result of the election which is the number of votes cast for or against the question voted upon cannot be disturbed or in any way involved in the appeal. The finding of the board of

couuty commissioners to the effect that the district had under the law adopted a regulation which permitted stock to run at large was a decision based upon facts not involved in canvassing the votes, and from such decision an appeal lies to the district court under our statutes·

The judgment is therefore affirmed.

All the Justices concurring.