WRIGHT *v.* BADDERS.

Opinion delivered June 30, 1930.

*Miller & Yingling,* for appellant.

KIRBY, J. Certain residents of Cleburne County presented a petition pursuant to the provisions of act 193 of 1929 to the county court asking that certain territory described therein be annexed to and made a part of the existing stock law district in that county, and, upon the order being made, appellees asked to be made parties and filed an affidavit and prayed an appeal to the circuit court, where, upon the trial by the court upon an agreed statement of facts, it was held that the county court was without jurisdiction to grant the petition for annexation of the territory to the stock law district, and reversed and set aside the judgment and dismissed the petition, from which judgment comes this appeal.

The petition was filed pursuant to the provisions of act 193 of 1929 correctly describing the territory in Piney township, which is contiguous to and adjoining Cadron, Clayton and Heber townships of Cleburne County, the petitioners constituting a majority of the qualified electors residing in the described territory. Before the filing of the petition the townships of Cadron, Clayton and Heber had been created into a stock law district in conformity with the statute (§§ 321-332, C. & M. Digest, and amendments thereto), and neither Cadron, Clayton or Heber township was created into or incorporated into a stock law district by virtue of any special act of the Legislature and the majority of the area of Cleburne County had not been created or incorporated into a stock law district or districts under the general statutes or any special act of the General Assembly and no part of said county had been incorporated into stock law districts in any other manner than as provided in said statutes (§§ 321-332, C. & M. Digest, and the statutes amendatory thereof).

Appellants insist that the court erred in its construction of the statute in holding the county court was without authority to make the order of annexation. It is not contended that any of the districts to which the territory was sought to be annexed was created by a special act of the Legislature, and it was conceded that all were created by order of the county court under the provisions of the statutes (said §§ 321-331, C. & M. Digest).

Act 205 of 1927 amends § 321, C. & M. Digest, and the act No. 427 of the Legislature of 1921, providing that, when 10 per cent. of the qualified electors of any county in the State shall petition the county court for the privilege of voting on the question of restraining stock from running at large within the county, such court shall make an order for such election to be held, and, if a majority vote for restraining said stock, notice shall be given of such results by publication, etc. This statute takes the place of said acts and is re-enacted, leaving no

part of the old statute, not so re-enacted, effective. Section 23, art. 5, Constitution of 1874.

As so re-enacted and amended, the statute leaves the county court without authority to order an election for the organization of any part less than the whole territory of the county into a stock law district for restraining animals from running at large within the county.

Said act 193 of 1929 does not purport to be an amendment of any other statute, and provides that in counties where a majority of the area of the county has been incorporated into a stock law district, "or where no portion of the county has been created into a stock law district by an act of the Legislature heretofore, * * * and such legislative act provides that other townships may become attached to and made a part of such stock law district by a majority petition of qualified electors of their respective townships to the county judge, who shall declare such township or townships added to the original territory described in such legislative act." This act provides the procedure for organization of the territory in any county where stock law districts have been created by special acts of the Legislature by order of the county court, said territory so added under the provisions thereof becoming a part of the original stock law district of the county and subject to all the provisions and penalties of the original act as though fully described therein. It does not authorize the county court to annex any territory to an existing stock law district, except where a majority of the area of such county has been created into a stock law district or where any portion of a county has been created into a stock law district by an act of the Legislature and such territory, when annexed to the original district by order of the county court under the procedure prescribed, becomes a part of the original district subject to all the provisions and penalties of the act creating it, etc.

It is not claimed that any of the territory of the county to which the lands described in the petition were

sought to be annexed had been created into or constituted a stock law district by a special act of the Legislature, and it was conceded that such was not the case. The said statute (act 193 of 1929) does not authorize the county judge to annex any territory to a stock law district not created by a special act of the Legislature, as already said, and the judgment of the circuit court so holding correctly construed the law, and its judgment must be affirmed. It is so ordered.