WATSON et al. v. COUNTY COMMISSION OF WALKER COUNTY.

6 Div. 747.

Supreme Court of Alabama.

May 9, 1935.

R. A. Cooner, of Jasper, for appellants.

J. J. Curtis, of Jasper, for appellee.

BROWN, Justice (after stating the facts as above).

■ The appellants' first contention is that a valid election could not be held to establish precinct 16, as constituted on the date of filing the petition, a stock law district, without first holding an election in the entire territory covered by precinct 16, prior to the creation of the new precinct 37, "repealing" the partial stock law as established by the election in 1915.

There is nothing in the statutes, sections 10208, 10222, Code 1923, providing any method for changing the status of a district from stock law to nonstock law, except by an election called and held as provided by these statutes. Section 10222 applies only to "counties where an election has been held in the county as a whole and the majority of the electors at such election have voted in favor of prohibiting live stock from running at large in the entire county except in incorporated cities or towns.". By section 10208 the "precinct" is made the unit for calling the election, and the territory to be affected is all the territory outside incorporated cities and towns. The territories within incorporated cities and towns are dealt with and controlled by sections 10223, 10224, Code 1923.

The effect resulting from the election held on October 2, 1934, was to change the status of precinct 16, as then constituted, from a stock law district in which the law prohibited "hogs, sheep and goats" from running at large to a district in which all stock are prohibited from running at large. Section 10212, Code 1923.

■ The next contention of the appellants is that the election is void for the reason that the order of the court of county commissioners and the notice of the election did not follow the language of the petition and the statute, limiting the territory to that part of the

precinct "which is outside of any incorporated city or town."

All the proceedings as disclosed by the duly verified return are to be looked to in determining whether or not the proceedings are void or valid, and "uniformly it has been held under the statute in its present form that, where the record affirmatively shows that the court acquired jurisdiction of the subject-matter by the filing of a proper petition, as the record by its recital of facts found does show in this case, errors and irregularities intervening in the subsequent proceedings will not furnish ground for quashing the proceeding on common-law certiorari." Edwards et al. v. Bibb County Board of Commissioners, 193 Ala. 554, 559, 560, 69 So. 449, 451; McLaughlin v. Hardwick, 14 Ala. App. 570, 70 So. 305.

We find no error in the record and proceedings of the circuit court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.