### YATES et al. v. WALKER COUNTY COMMISSION.

6 Div. 746.

Supreme Court of Alabama.
May 9, 1935.

R. A. Cooner, of Jasper, for appellant.

KNIGHT, Justice.

This is an appeal to review and reverse the judgment of the circuit court of Walker county, dismissing a common-law writ of certiorari by which the appellants sought to quash the proceedings of the Walker county commission, in the matter of an election to establish a stock law of limited application in precinct 37, as then constituted, in Walker county.

It appears that precinct 37 was created out of portions of precincts 13, 14, and 16 in said county.

It also appears that at the time portions of said precincts 13 and 14 were cut off and made a part of precinct 37, each of said precincts 13 and 14 had stock laws prohibiting all stock from running at large; and that precinct 16, at the time a part of it was added to said precinct 37, had a stock law preventing only certain designated stock from running at large.

It appears that precinct 37 was created out of certain territory taken wholly from the three named precincts, and that at the time of the election to establish a stock law in said precinct 37 there were in force laws prohibiting stock of all kinds from running at large in a part of the territory, and in the remainder of the territory there was a law preventing certain kinds of stock from running at large.

On September 5, 1934, John Spear and a number of others filed with the Walker county commission a petition in writing stating that they desired an election to be held in said precinct 37 "abolishing all laws now in force in said precinct 37 with reference to prohibiting stock from running at large therein and outside of any incorporated city or town, and which are now in force, and to establish in lieu of the law now in force in said precinct a law prohibiting all stock from running at large in that part of said precinct outside of any incorporated city or town except horses, mules, cattle, and other stock of like kind and habit."

After the commission had duly ascertained that the petitioners possessed the necessary qualifications, and were of requisite number,

the commission, by resolution, so declared and adjudged and ordered the election in accordance with the prayer of the petition. Notice of the election was given, and the election was held, resulting in a majority voting for the "stock law." The court so declared and certified.

The appellants make the insistence here that the proceedings were void, and assign many grounds, forty-three in fact. All are without merit, except one to which we shall presently allude. Edwards et al. v. Bibb County Board of Commissioners, 193 Ala. 554, 69 So. 449; F. M. Watson et al. v. Walker County Commission (Ala. Sup.) 161 So. 233.

Section 10212 seems to recognize that a stock law may be established whereby only certain kinds of stock may be prohibited from running at large, while other kinds may be allowed to run at large. Without this provision, there could be no classification. This section in this respect provides: "If the petition particularly describes certain kinds of stock, it shall be unlawful only for such kinds of stock so described to run at large."

The petition does specify that "horses, mules, cattle and other stock of like kind and habit" shall be excepted from the operation of the law, but this is not what the law requires in that regard. The law requires that the petition, if it does not apply to all stock, shall particularly describe the certain kind of stock that shall not run at large. The purpose of this requirement is not to leave it in doubt, or to judicial determination, what kinds of stock shall not run at large, but to require a particularization of class and kind of animals.

It is apparent that it was not the purpose of the applicants to have an election to determine whether or not all stock should be prohibited from running at large in the district, but only some kind of stock, and the petition fails to particularly describe the kind and character of such stock. The excepted stock are too indefinitely described to aid the petition in this respect. This was a fatal defect in the petition, rendering it insufficient to invoke the jurisdiction of the court, and, therefore, rendered all the proceedings in the case void. State ex rel. Potts v. Court of County Commissioners of Lauderdale County, 210 Ala. 508, 98 So. 562.

It follows that the circuit court erred in not quashing the proceedings, and its judgment must be reversed, and a judgment will be here rendered quashing and annulling the election held to establish the said stock law district, and all proceedings of the Walker county commission calling said election.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.