168 So. 549

YATES et al. v. COUNTY BOARD OF REVENUE OF WALKER COUNTY.

6 Div. 954.

Supreme Court of Alabama.

May 21, 1936.

Rehearing Denied June 11, 1936.

R. A. Cooner, of Jasper, for appellants.

J. J. Curtis, of Jasper, for appellee.

KNIGHT, Justice.

The appeal in this case is prosecuted from a judgment of the circuit court of Walker county, Ala., sustaining the demurrer of the appellee to petition filed

538

by C. V. Yates and Richard Mitchell, appellants here, praying for a writ of common law certiorari to the board of revenue of Walker county, requiring said board to certify to the circuit court the proceedings wherein a stock law of limited application was established in precinct 37 in said county; and to quash said proceedings.

Precinct 37 of Walker county was created of portions of precincts 13, 14, and 16.

It appears from the petition that at the time precinct 37 was established, precincts 13 and 14 had stock laws prohibiting all stock from running at large; and that said precinct 16 had at that time a stock law prohibiting only certain designated stock from running at large.

On September 17, 1935, Jack Sellers and others filed their petition with the Walker county board of revenue, seeking to abolish the then existing stock laws in precinct 37, and to establish therein a uniform stock law prohibiting certain designated stock from running at large, but expressly excluded from the operation of said law "horses, mules, jacks, jennets, cows, bulls, oxen and yearlings."

From the exhibits to the petition, it appears that the county board of revenue ascertained that the petitioners possessed the necessary qualifications, and were of requisite number, and by resolution so declared and adjudged, and thereupon ordered an election in accordance with the prayer of the petition. It also appears from the exhibits to appellants' petition that notice of the election was given, and the election was held, which resulted in a majority vote for the stock law.

The petition filed by the said Jack Sellers and others for the establishment of the stock law in precinct 37 was, except as hereinafter noted, in substantially the same language as was the petition theretofore filed by John Spear and others for the establishment of a stock law in said precinct, but which, on appeal to this court, was held to be invalid, and the proceedings were quashed. The only difference, in substance, between the two petitions, is that in the present petition the stock prohibited from running at large are particularly designated. We have, therefore, in the statement of the facts of this case, followed our statement in the former case, both cases being written by the present writer. For former case, see Yates v. Walker County Commission, 230 Ala. 361, 161 So. 235.

That the court of county commissioners, or other governing boards clothed by law with the powers and jurisdiction of a court of county commissioners, may establish stock law districts in any precinct of their respective counties, whereby certain kinds of stock may be prohibited from running at large, while other stock may be allowed to run at large, seems clear. Code, § 10212. We have so held. Yates v. Walker County Commission, supra.

The petition for certiorari now before us is in substantially the same language, assigning substantially the same grounds for quashing the last proceedings of the county board of revenue as the one filed in the proceedings which the court quashed in the Yates Case, supra.

On the appeal in the case of Yates et al. v. Walker County Commission, supra, we held that all the insistences and objections made by the appellants against the legality and regularity of the proceedings in that case were without merit, except the objection made to the indefinite description of the stock that were to be prohibited from running at large. We held in that case that this defect was fatal. In reaching this conclusion we gave effect to the provisions of section 10212, Code.

In making the application to the county board of revenue for the election now sought to be quashed, the petitioners remedied the defect pointed out by this court in the former petition, by particularly designating the stock that were to be prohibited from running at large.

We do not doubt in the least that the court of county commissioners, or county boards of revenue, may order an election not only to establish a stock law in any given precinct or precincts, but may also order elections to abolish a stock law then existing in such precinct or precincts. Code, §§ 10207, 10208, 10209, 10210, 10211 and 10212.

Section 10222 of the Code has application only to cases where it is sought to establish or to abolish a stock law in subdivisions less than the whole county.

The case of Coleman v. Town of Eutaw, 157 Ala. 327, 47 So. 703, relied upon in part by the appellant to sustain his contention that the two questions, viz., the abolishment of the then existing, but dissimilar, stock laws and the establishment of a uniform stock law in the precinct could

not be accomplished in the same proceedings, and by one ballot, is not an authority in point in this case. A careful reading of that case will disclose that, instead of really being opposed to the procedure adopted by the county board of revenue in blending the two related and connected questions of abolishing the stock laws then prevailing in said precinct, and establishing in lieu of the same a uniform law that would apply throughout the precinct, the case, if it is an authority at all on this particular question, is strongly persuasive that the proceedings had in this case, in this particular, were proper and authorized.

It is also insisted that the form of the ballot used did not comply with requirements by the statute. To support this contention, appellants also cite, among other cases, the case of Coleman v. Town of Eutaw, supra.

In the recent case of Tommie v. City of Gadsden, 229 Ala. 521, 158 So. 763, which involved, as did the case of Coleman v. Town of Eutaw, supra, the form and sufficiency of ballots used in a bond election, the observation was made that the language of the Coleman case in its entirety had not received the approval of this court, but had been in a measure qualified.

In the case of Realty Investment Co. v. City of Mobile, 181 Ala. 184, 61 So. 248, 249, it was held that a substantial compliance with the form, provided by the Constitution, of the ballot used in bond elections would suffice.

If the ballot used provided "security for intelligence of choice and its easy expression," and substantially met the requirements of the statute, it is sufficient.

We entertain no doubt but that every voter, who participated in the election brought before us for review, was sufficiently, in fact fully, informed by the published notice of the election, and by the form and substance of the ballot, of the purpose of the election, and was given full opportunity for an intelligent choice, and an easy expression of that choice, in voting upon the proposition submitted. This was all that the statute required. Tommie v. City of Gadsden, supra.

We have carefully considered each and every objection urged by appellants against the regularity and validity of the proceedings brought before the court for review by their petition for certiorari, and are of the opinion that the court properly sustained the appellee's demurrer to said petition; and also properly dismissed the petition upon the declination of petitioners to plead further. Yates et al. v. Walker County Commission, supra.

It follows, therefore, that the judgment appealed from is due to be affirmed, and it is accordingly so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.