RITTER et al. v. BOARD OF COM'RS OF ADAIR COUNTY.

No. 33039. Nov. 10, 1947.

*186 P. 2d 655.*

Frye & Paterson, of Sallisaw, for plaintiffs in error.

Miller & Miller, of Tahlequah, for defendant in error.

ARNOLD, J. On March 1946, pursuant to a petition signed by the requisite number of legal voters, residents and freeholders of stock district No. 4 of Adair county, the county commissioners of that county called an election to be held therein March 30, 1946, pursuant to statute. In the notice of election, which was published and posted as required by law, the place of holding said election was named and the judges to hold said election were designated. After the election was held, and on the 16th day of April, 1946, these plaintiffs filed with the board of county commissioners a written protest against the canvassing of the returns of said election and the declaring of the results thereof by said board. There were five grounds stated in said protest, each assailing the validity of the election on grounds therein set forth. On April 20, 1946, the board of county commissioners convened for the purpose of considering said protest and entered their order overruling the same, whereupon the board proceeded to the canvassing of the returns of said election and declared the result, which was 550 votes for the proposition submitted and 369 votes against, and held that as a result of said election in stock district No. 4, goats, sheep, and hogs shall be prohibited from running at large in the stock district until changed by a subsequent election. On the 26th day of April, 1946, plaintiffs filed with the county clerk notice of appeal to the district court and an appeal bond as required by law and the county clerk thereupon certified and filed in the district court a transcript of the proceedings had before the county commissioners, said transcript consisting of the protest, the appeal bond, the notice of appeal and the minutes of the board of county commissioners relating thereto.

After this appeal was lodged in the district court plaintiffs served on the county attorney a demand that he appeal from the action of the board of county commissioners and upon his refusal they filed a second notice of appeal with the county clerk based upon the demand made on the county attorney and his refusal, this notice being filed in the office of the county clerk on May 14, 1946, accompanied by another bond for appeal. This notice of appeal and bond, having been filed in the office of the county clerk more than 20 days after the action of the board of county commissioners, no further transcript was filed by the county clerk in the district court. The county commissioners filed a motion in the district court to dismiss the appeal and the matter was heard on September 17, 1946, resulting in an order and judgment dismissing the appeal. From this order and judgment of the district court, plaintiffs have brought the matter to this court for review.

Plaintiffs have made five assignments of error in their petition, but have presented all of them under the one proposition that:

"Under the provisions of sections 431 and 432, Title 19, O.S. 1941, is it necessary to allege facts to show the reason for the appeal from the decision of the board of county commissioners in the notice of appeal and appeal bond?"

By the provisions of 19 O.S. 1941 §431, three methods of appeal to the district court are allowed from decisions of the board of county commissioners on matters properly before that board. The first method is allowed to "persons aggrieved" upon the filing of a bond to be

approved by the county clerk and conditioned as therein required. The second method is allowed to be taken by the county attorney upon a written demand made upon him by at least 15 freeholders of the county if the county attorney deems it to the interest of the county so to do and in such event no bond is required. The third method allowed is accorded any resident taxpayer of the county after refusal by the county attorney upon written demand, as aforesaid, to appeal, and in such case the resident taxpayer shall be considered a "person aggrieved," but must file a bond conditioned as required under the first method of appeal.

The appeal to the district court in this case was predicated upon the first of the three methods allowed by section 431, Id., as is shown by the notice served upon the county commissioners on the 26th day of April, 1946, which, omitting caption, address and signatures, reads:

"You, and each of you, will take notice that Milo Ritter and Chas. Bradford, being legal voters and residents of Stock District No. 4 of Adair County, Oklahoma, do hereby give you notice that an appeal will be taken from the decision ordered and judgment of said Board of County Commissioners entered on the 20th day of April, 1946, in the matter of holding, confirming and appointing and determining the results and put in force and effect the statute of a purported election which was held in said Stock District on the 30th day of March, A.D. 1946 and that said appeal will be lodged in the District Court of Adair County in the manner and form as required by law on which you and each of you will take due and timely notice."

It will be noted that nowhere in this notice do the plaintiffs allege and state that they are aggrieved persons. Under our system of majority rule, a member of a minority group in a stock district election is not an "aggrieved" person within the meaning of the act. The fact that his views on the question submitted are overruled by a majority of the legal voters in the district does not make of him an aggrieved person by the result of such election. In the absence of an allegation in the notice that appellant is an aggrieved person, some fact or facts must be shown therein from which a conclusion of injury may be reasonably drawn. The mere fact, as stated in the notice, that they are "legal voters and residents" of the stock district does not inform the board of county commissioners from whose decision they appeal, nor the district court to which the appeal is taken, in what manner, if at all, they have been aggrieved by having the result of the election declared adverse to them. Evidently, the Legislature intended some fact or facts to be shown which would reasonably bring them within the designation of aggrieved persons where the matter involved is of such nature as not to disclose on the face of the record that plaintiffs are differently affected by the result of the election than are other members of the minority group participating therein. We think that the language of this court in the case of Clark, State Highway Commissioner, v. Warner, County Clerk, 85 Okla. 153, 204 P. 929, in reference to the purpose and intention of the Legislature in the language used in allowing the first method of appeal, is very appropriate here. In the body of that opinion the court said:

"If the Legislature had intended to say that every person who was remotely or indirectly interested in the action of the board of county commissioners could appeal or that every citizen or taxpayer of the county should have the right to appeal from the action of the board of county commissioners, the English language contains sufficient words to clearly express this intention. But the Legislature has wisely provided that only those aggrieved may appeal, and that includes only those directly interested in the action or decision of the board of county commissioners. . . ."

The time and manner of perfecting the appeal to the district court from decisions of the board of county commis-

sioners in matters properly before them is definitely stated in 19 O.S. 1941 §432, which reads:

"Said appeal shall be taken within twenty days after the decision of said board, by serving a written notice on one of the board of county commissioners, and the clerk shall, upon the filing of the bond as hereinbefore provided, make out a complete transcript, of the proceedings of said board relating to the matter of their decision thereon, and shall deliver the same to the clerk of the district court."

Upon the filing of the notice of appeal, as above set out, together with a bond conditioned as the act required with the county clerk, the bond was approved by him and a transcript of the proceedings of the board of county commissioners to which the notice of appeal related was immediately prepared by the county clerk and filed in the office of the court clerk of Adair county April 26, 1946.

After the appeal had been lodged in the district court a written demand was made by 15 freeholders of the county upon the county attorney demanding that he take an appeal from the action of the board in canvassing the returns and declaring the result of the election held on March 30, 1946. There is nothing in the record to show when this written demand was made upon the county attorney except that after he had endorsed his refusal thereon, the demand was filed in the office of the county clerk May 14, 1946, and upon the same date a purported notice of appeal under the third method allowed by section 431, Id., was filed. This second notice was ineffectual, though accompanied by a second bond, to take an appeal to the district court for the reason that it was not filed within the time required by section 432, supra, and same was ineffectual to supply the deficiency of the appeal attempted based on the first notice.

We think that under the facts disclosed by the record, the order and judg-

ment of the trial court should be and is affirmed.

DAVISON, V.C.J., and RILEY, BAYLESS, GIBSON, and LUTTRELL, JJ., concur.