Jessie INGLE, Plaintiff in Error,

v.

**BOARD OF COUNTY COMMISSIONERS OF LATIMER COUNTY, State of Oklahoma, Defendant in Error.**

No. 36192.

Supreme Court of Oklahoma.

Oct. 5, 1954.

Bob Perdue, Wilburton, Spradling & Moores, Tulsa, for plaintiff in error.

Wayne Russell, County Atty., Wilburton, for defendant in error.

JOHNSON, Vice Chief Justice.

This appeal stems from the following fact situation:

Original Stock District No. 3 of Latimer County, Oklahoma, existed at the time when petitions were presented to the Board of County Commissioners of said County requesting the calling of an election to determine whether sheep, goats and swine should be allowed to run at large in a certain described district or area which area included a part of Stock District No. 3 and a part of Stock District No. 4. Thereafter, on April 6, 1953, said Board adopted a resolu-

tion in accordance with the petition and called an election, fixing the time and place for holding same and ordered that notice thereof be given pursuant thereto.

Subsequent to the election on May 8, 1953, the Board of County Commissioners met to canvass the returns of the election and thereupon ordered that said election was in favor of restraining swine, sheep and goats from running at large in said described district, and by the order restrained same from running at large.

Forty-one taxpaying legal voters of said district filed a protest with the Board of County Commissioners wherein they objected to the petition filed requesting such election asking that said election be set aside on the grounds:

First: That said petition attempts to take a portion of a lawfully created stock district theretofore created and approved by the District Court of Latimer County, Oklahoma and the Supreme Court of Oklahoma. Second: That the purported new stock district is not compact in form and embraces only 48 square miles. Third: That said petition is insufficient and does not confer jurisdiction upon the Board of County Commissioners.

The Commissioners refused to change their order and Jessie Ingle, one of the protesting taxpayers and legal voters of the affected district appealed to the District Court of Latimer County, Oklahoma.

In support of his appeal and as a part thereof he filed a petition in the District Court alleging, in substance, that as a resident, citizen and legal voter of said alleged stock district he attacked all the proceedings, election and orders relative thereto as being void on the grounds that same did not comply with the laws of the State of Oklahoma.

The Commissioners assailed appellant's appeal to the District Court by special appearance and denial of jurisdiction, contending that appellant under Title 19 O.S. 1951 § 431, did not have legal capacity to appeal and confer jurisdiction on the District Court as he was not an aggrieved person.

The trial court sustained appellees' contention and dismissed the appeal resulting in this appeal.

■ The record shows that the election was called to determine "whether sheep, goats and swine shall be permitted to run at large in a 48 mile square area of approximately equal portions of two established stock districts" which were established under the provisions of 4 O.S.1951 § 101, and not to determine police regulations of an established stock district as provided for under 4 O.S.1951 § 102 et seq. The specific statutory requisites required that after a county was divided into stock districts of not less than 72 square miles, nor more than 144 square miles that one-fourth of the legal voters resident of a stock district so established (Sec. 101, supra) may petition the Board of County Commissioners requesting the submission to the legal voters in which such stock district is situate questions of police regulations (Sec. 102, supra) and where the petition for an election shows, as herein, that the lands, or affected territory, consists of portions of two established stock districts and not the whole of one established stock district, the Board of County Commissioners, under their limited statutory authority had no jurisdiction to entertain such petition and order an election thereon. Wright v. Badders, 181 Ark. 1124, 29 S.W.2d 671; Yates v. Walker County Commission, 230 Ala. 361, 161 So. 235.

■■ The County Commissioners in exercising statutory powers have a limited jurisdiction and records must affirmatively show the existence of the facts on which their authority rests. Commissioner's Court of Blount County v. Johnson, 145 Ala. 553, 39 So. 910, and cases cited therein. State ex rel. Browning v. Juden, Presiding Judge, Mo.App., 264 S.W. 101, and in determining the validity of an election to establish a stock law district, or proceedings relative thereto, all proceedings are to be considered. Watson v. Walker County Commission, 230 Ala. 364, 161 So. 233.

■ In the instant case the record does not affirmatively show jurisdictional facts sufficient to justify the action of the County

Commissioners in the first instance or the action of the trial court on appeal. In Ritter v. Board of Commissioners of Adair County, 199 Okl. 375, 186 P.2d 655, we held that a member of a minority group in a stock district election is not an "aggrieved person" within the meaning of the statute, 19 O.S.1951 § 431, authorizing appeals to District Court by aggrieved persons from a decision of County Commissioners in matters "properly" before them. The word "properly" meaning in the manner prescribed by law. In re Norton, 75 Misc. 180, 134 N.Y.S. 1030. But the Ritter case, supra, is not applicable in the instant case because the election proceedings herein were not in the manner prescribed by law and therefore not properly before the Commission. Under the circumstances herein we hold that the appellant, a taxpayer, resident and legal voter of the territory affected by the stock law election, is an aggrieved person under 19 O.S.1951 § 431 because he has suffered an infringement of his legal rights. See Clark v. Warner, 85 Okl. 153, 204 P. 929, and "Person aggrieved" 32 Words & Phrases, and pocket part, and may appeal from the County Commissioners' order approving such election over his protest to the District Court to review the election proceedings.

The District Court of Latimer County erred in ordering the dismissal of the appeal. The judgment is reversed and the cause remanded with directions to vacate the order of dismissal, reinstate the cause and proceed in accord with the views herein expressed.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.