Stanley EDGE, Plaintiff in Error,

v.

The BOARD OF COUNTY COMMISSION-
ERS OF COUNTY OF CHOCTAW, State
of Oklahoma, George D. Gastineau, M. I.
Scott, Frank Parsons, Allie Melton, J. H.
Roberts and Aubrey Williams, Defendants
in Error.

Nos. 37669, 37670.

Supreme Court of Oklahoma.

Nov. 19, 1957.

Hal Welch, Vester Songer, Hugo, for plaintiff in error.

Ralph K. Jenner, County Atty. of Choctaw County, Hugo, D. A. Stovall, James Bounds, Hugo, for defendants in error.

HALLEY, Justice.

This is an appeal by Stanley Edge from a judgment of the District Court of Choctaw County, entered June 7, 1956, affirming orders of the Board of County Commissioners of Choctaw County (hereinafter called Commissioners) entered May 7, 1956, calling an election to be held June 2, 1956, and submitting to the voters of Stock District No. 2 in that county the question, "Shall swine be permitted to run at large?"

A companion case has been consolidated for the purpose of briefing, being an appeal by the same party from a judgment of the District Court of Choctaw County affirming the action of the Commissioners, on June 8, 1956, in canvassing the re-

turns of the special election above referred to, in which they certified that the question submitted to the voters of the Stock District No. 2 failed to receive a majority of the votes cast and did not pass. Stanley Edge had challenged the sufficiency of the petition, praying that a special election be called, and sought a restraining order preventing a canvass of the votes cast until the District Court had disposed of his first appeal from the order approving the Commissioners' action in calling the election on the original petition filed by petitioning citizens. We will discuss the questions raised in both appeals in this opinion.

Separate motions for a new trial were filed, overruled and notice of appeal duly given.

Plaintiff first submits that:

"The proposition that was submitted to the voters of Stock District No. 2 at the election was not a question authorized by the statute to be voted upon since swine were lawfully running at large in said Stock District, pursuant to an election held in 1950, under the provisions of Title 4, O.S.1951, Sec. 102."

█ In support of his first proposition Stanley Edge points out that the record shows that in 1950 a special election was held in Stock District No. 2, and resulted in allowing swine to run at large in that District from December 1 to March 1 of each year, and that such fact renders illegal and void the actions of the Commissioners here complained of. The result of the 1950 election was called to the attention of the Commissioners as a protest against the petition praying for the calling of the election here complained of.

In his protest against calling the 1956 election, Stanley Edge called the attention of the Commissioners to the 1950 election and he also denied the signatures on the petition filed with the Commissioners constitute one-fourth of the legal resident voters of the district as required by Section 102, 4 O.S.1951.

There is no question but that Sections 101, 102 and 103, 4 O.S.1951, control the creation and operation of stock districts in Oklahoma. Section 101 provides for the organization or creation of such districts; Section 102 provides the type of questions that may be submitted to the voters. The first form of question provided is: "Shall domestic animals be permitted to run at large?"

Section 102 also provides for the question submitted in the 1950 election, that is: "Shall domestic animals be permitted to run at large from the first day of ........ until the first day of ........ each year?"

The 1950 election having been ordered held and the results declared, it remains in force until set aside by a subsequent election under the provisions of Section 111, 4 O.S.1951.

Section 103, supra, provides that where any animals are running at large under authority of Art. 2, Chapter 4, Session Laws of 1908, the question may be submitted to the voters of the stock district, among others, "Shall ... (naming animals) ... be restrained from running at large?"

The plaintiff submits for his second proposition as follows:

"The election which was held on June 2, 1956, was void for the reason that the Board of County Commissioners had lost jurisdiction to hold the election, pending a decision of the District Court on trial de novo."

Section 431, 19 O.S.1951, provides in substance that an appeal may be taken "From all decisions of the Board of County Commissioners * * *" to the district court by "any persons aggrieved", including the county by its County Attorney, upon filing a bond to be approved by the county clerk. It provides that the County Attorney shall take an appeal from any action of the Commissioners without bond upon demand by fifteen freeholders of the county, and that if the County Attorney fails or refuses to appeal, then any resident taxpayer of the county may be considered a

person aggrieved and may appeal upon giving bond.

Section 432 of the same Title provides when appeal must be taken; Section 433 provides that when appeal so taken is filed in the district court " * * * said cause shall stand for trial at such term", and Section 434 provides that such appeals shall be docketed as other cases pending in the district court, and "shall be heard and determined de novo."

Section 435, supra, provides as follows:

"The district court may make a final judgment and cause the same to be executed, or may send the same back to the board with an order how to proceed, and require said board of county commissioners to comply therewith by a mandamus or attachment as for contempt."

The real issue here presented is whether the appeal of the plaintiff from the order of the Commissioners calling an election in Stock District No. 2 had the effect of vacating or suspending such order until the appeal was decided by the district court. If the appeal had the effect of staying or holding in abeyance the orders of the Commissioners that an election be held, then it is clear that the election could have no effect and would be void.

It should be remembered that when plaintiff appealed from the order of the Commissioners ordering an election, he filed an application for a restraining order against holding the election until the appeal was determined by the District Court. The court denied the application and ordered the election.

Under Section 435, supra, the district court may enter judgment on appeal and enforce it or it may remand the case to the Commissioners with orders as to how to proceed. No Oklahoma case is cited on the question of whether an appeal for a de novo trial stays any further proceedings by the Commissioners on the matters appealed from. In 20 C.J.S. Counties § 95, at page 877, where the effect of an appeal from an order of a county board is discussed this statement is found:

"The taking and perfecting of an appeal has the effect of vacating the decision of the board; but if for any reason the appeal is dismissed, the decision of the board again becomes effective the same as if no appeal had been taken."

The applicable Indiana statutes are similar in substance to those of Oklahoma, and a number of cases are cited wherein the Supreme Court of Indiana held that on an appeal from an order of the Board of County Commissioners that pending the appeal from such an order the Commissioners could proceed no further while such appeal was undisposed of. In Meehan v. Wiles, 93 Ind. 52, it is said in the body of the opinion:

"The remaining question is, after appeal had been perfected by filing the transcript in the clerk's office, and placing the case on the circuit court docket, and while such appeal was pending, did any subsequent proceedings, under the order of the board appealed from, have any validity?

"We think all such subsequent proceedings were without authority, so far as binding any person by assessments that may have been made.

"The appeal vacated the proceedings already had and suspended further proceedings until it should be finally determined. The case went to the circuit court on the appeal for a trial de novo. * * *"

In the matter before us the appeal of plaintiff was lodged May 23, 1956, and heard on June 7th, but the election was held June 2, 1956. If the appeal did not suspend the actions of the Commissioners relative to the election, it certainly could not be said to have afforded an adequate remedy for the party appealing.

Plaintiff complains that the District Court ignored the statutes covering such appeals which require a trial de novo on appeal,

and required no evidence whatever on hearing on appeal. Those who petitioned for the election offered no evidence whatever to prove that the original petitions for an election contained signatures of the required number of one-fourth of the legal voters of the Stock District, and no evidence was offered concerning the purported election.

4 O.S.1951 § 102 clearly requires one-fourth of the resident voters of the stock district to petition the Commissioners for an election. In Board of County Commissioners of Washita County v. Haines, 4 Okl. 701, 46 P. 561, it was clearly held that the Commissioners must first determine the number of resident electors in a stock district before an election is held, and that a petition for an election must be signed by one-fourth of such resident voters.

Section 434, 19 O.S.1951, requires such a finding by the district court on appeal where the trial is de novo. In Peters v. Holder, 40 Okl. 93, 136 P. 400, this Court announced in the third paragraph of the syllabus as follows:

"Williams' Const.Okl. art. 7, § 14: 'Until otherwise provided by law * * in all cases, civil and criminal, appealed from justices of the peace to the county court, there shall be a trial de novo on questions of both law and fact'— citing 8 Words and Phrases, p. 7108." * In the body of the opinion the Court said:

" 'Trial de novo' means trial of entire case anew, as if no action had been instituted in a court below—a second time. 8 Words and Phrases, p. 7108." *

In School District No. 84 v. Asher School District No. 112, 168 Okl. 282, 32 P.2d 897, 900, this Court quoted from Shultz v. Lempert, 55 Tex. 273, at page 277, as follows:

"Trial de novo does not mean a trial on appeal and on nothing but the record to correct errors, but does mean a trial of the entire case anew, hearing evidence, whether additional or not."

█ The record before us does not show that the District Court on appeal took any evidence whatever to show that the petition for calling the election contained the required number of resident voters of the stock district to justify calling an election, and the total qualified voters in the stock district was not shown and is nowhere mentioned in the record. We think the court erred in failing to require the defendants to produce on appeal evidence sufficient to support the judgment rendered by the District Court. The above facts were specifically denied by plaintiff in his protest to the Commissioners and also during the trial in the District Court when the court failed and refused to require those seeking the election to assume the burden of proof on the trial de novo on appeal.

Our conclusion on this question is supported by the decision of this Court in In re Detachment of Territory From Consolidated School District No. 77, Carter County, Oklahoma, 185 Okl. 468, 94 P.2d 220, 221, where an appeal from the County Superintendent for trial de novo was to the County Court. There the petition for change of boundary of a district must have been signed by at least one-third of the qualified electors of the school district. In the second paragraph of the syllabus the Court said:

"In such case upon trial in the county court on appeal, when such change in boundaries is resisted by the consolidated school district, which has by answer specifically denied the sufficiency of the petition as to number of signers, the burden is on the petitioner to show that the total number of the qualified electors of the consolidated school district is not more than three times the number of petitioning electors."

In the body of the opinion it was said:

"In view of the entire record and the briefs of the parties, we conclude

* Words and Phrases, "Trial De Novo".

that the petitioners in the trial court did not prove that the petition is signed by one-third of the qualified electors of the school district, as required by Section 6771, O.S.1931, 70 Okl.St.Ann. § 31. It appears to be the established rule that such numerical sufficiency of the petition is an essential prerequisite to the power to make the suggested change in the boundaries of the district.

"Accordingly, the judgment of the trial court is reversed and the cause is remanded with directions to deny the petition."

Defendants in error submit a counter proposition to the effect that the judgment of the trial court should be affirmed upon the ground that the plaintiff is not an "aggrieved person" within the statute authorizing appeals from the Board of County Commissioners to the District Court. They rely principally upon Ritter v. Board of County Commissioners of Adair County, 199 Okl. 375, 186 P.2d 655, wherein it was held that a member of a minority group in a stock district election is not an "aggrieved person" within the statute authorizing appeals to the district court by aggrieved persons from decisions of the Board of County Commissioners in matters properly before them. They also cite Clark v. Warner, 85 Okl. 153, 204 P. 929, 933, wherein the Court defined the word "aggrieved" and in substance held that:

"A person cannot be said to be aggrieved when they are only remotely or indirectly affected by the decision or action of the board of county commissioners. In a civil action the persons who may be aggrieved by the decision of the court are the parties to the action, the real parties in interest. The one aggrieved is the one against whom a judgment or decision is rendered or order made. * * *"

We cannot agree that these cases support the contention that Stanley Edge is not an aggrieved person within the meaning of the statute authorizing an appeal by an "aggrieved person." The first paragraph of the syllabus in Ingle v. Board of County Commissioners of Latimer County, Okl., 274 P.2d 1021, appears to justify our conclusion in the following statement:

"A protesting, taxpaying resident and legal voter of the territory affected by a stock law election which he contends was not held within the terms and under the provisions of the applicable statutes is an aggrieved person within the terms of 19 O.S. 1951 § 431, and may appeal from County Commissioners' order approving such election over his protest to the District Court to review the election proceedings."

We conclude that the plaintiff is an "aggrieved person" and authorized to appeal from the orders of the Board of County Commissioners; that the trial court erred in failing and refusing to conduct a trial de novo on appeal from the orders of the Board of County Commissioners to the District Court; that the questions submitted to the voters of Stock District No. 2 were sufficient; but that the election held in that stock district was void because held after an appeal had been taken from the order for the election, which should have been stayed pending the appeal.

The judgment of the District Court is reversed with directions to declare the election void.

CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.