Andrew JACKSON, Appellant,

v.

**BOARD OF EQUALIZATION OF PUSHMATAHA COUNTY,**
Appellee.

No. 82441.

Court of Appeals of Oklahoma,
Division No. 1.

Feb. 28, 1995.

Andrew Jackson, Antlers, pro se.

## MEMORANDUM OPINION

JOPLIN, Judge:

Andrew Jackson (Jackson or Appellant) seeks review of the trial court's order affirming a decision of the Board of Equalization of Pushmataha County (Board or Appellee) denying Jackson's request for reduction of assessed value of Jackson's property due to alleged creosote contamination of the land and water supply. In this appeal, Jackson asserts the trial court erred in affirming the Board decision, (1) only two of the three members of Board present at time of hearing on Appellant's application, (2) one of two Board members present disqualified to hear Appellant's application having been previously employed by allegedly offending creosote plant, (3) the Board decision resting on incomplete consideration of evidence presented, (4) for misconduct of county clerk in providing Appellant with incomplete tape recording of testimony adduced before Board in preparation for trial court review, and (5) for misconduct of court clerk in refusing to allow Appellant to file a transcription of the Board hearing for trial court consideration on review.

For the tax year 1989, Jackson requested Board to reduce the valuation of his property by twenty-five percent (25%) on account of alleged pollution of Jackson's property and water supply from a nearby creosote plant. At hearing, Jackson produced an analysis of his well water and testimony of a neighbor suggestive of creosote pollution of his water supply and land/growing garden crops. The Board, noting a previous 25% reduction in the assessed value of Jackson's property due to creosote pollution in 1988, denied Jackson's application by order dated May 3, 1993.

Jackson sought review of the Board decision in the trial court by filing of his "motion" to review May 11. On or about October 8, 1993, the trial entered its order affirming the Board decision, stating:

The Court has reviewed the case and reviewed the transcript of proceedings before the Excise Board as appear in the record with the Court Clerk. This matter being a matter of appeal from an administrative board, the Court is bound by the hearing that went on before that board.

At this time, the Court finds that [Jackson] did fail to meet his burden before that board, and that there is adequate evidence in consideration by the Court of Appeals to support [the Board] decision, as written and provided to [Jackson].

IT IS THEREFORE THE ORDER OF THE COURT that the Order of the Equalization Board of Pushmataha County shall be affirmed.

From this order, Jackson now appeals to his court. The matter stands submitted on Jackson's brief only.

█ As an initial matter, we recognize that generally, where no answer brief is filed, and the omission is unexcused, the appellate courts are under no duty to search the record for some theory to sustain the trial court's judgment, and on appeal, where the brief in chief is reasonably supportive of the allegations of error, will ordinarily (although not automatically) reverse the judgment and remand for further proceedings. *See, e.g., Hamid v. Sew Original,* 645 P.2d 496 (Okla. 1982); *Sneed v. Sneed,* 585 P.2d 1363 (Okla. 1978); *Harvey v. Hall,* 471 P.2d 911 (Okla. 1970). However, it is equally well-settled that:

> [A]ssignments of error presented by counsel in their brief which are entirely unsupported by any authority will not be noticed by the court, unless it is apparent, without further research, that they are well taken. (Citations omitted.) Assignments of error which are not argued or supported in the brief with citations of authority will be considered and treated as waived by the court. (Citations omitted.) Finally, the court will not search the record for prejudicial error not pointed out in the brief of the complaining party in a mere assertion, in general terms, that the ruling of the trial court is wrong will not be considered as having been made. (Citations omitted).

*Peters v. Golden Oil Company,* 600 P.2d 330, 331 (Okl.1979).

Moreover, pro se litigants are charged with the responsibility to conform their action to the rules of pleadings, evidence and appellate practice. *Funnell v. Jones,* 737 P.2d 105, 107 (Okla.1985).

In the present case, Jackson pro se has cited *no* authority whatsoever in support of his allegations of error. Under normal circumstances and the above cited authority, we would be inclined to affirm the trial court's judgment for failure of Jackson to properly brief the issues presented, notwithstanding Board's failure to file a responsive appellate brief. However, in the interest of fairness, we review Jackson's allegations of error on the merits.

█ In his first and second propositions, Jackson challenges the constituency of the Board hearing his application, first, for absence of all three Board members at hearing, and second, for alleged conflict of interest of one of the two members present. However, we find no vitiating absence or conflict. Oklahoma statute governs composition of the respective boards of equalization, and permits meetings of the boards to be called by a majority of the membership of the board. 68 O.S.1991 § 2863(A). Because the Oklahoma legislature authorized a majority of the board membership to call a meeting, we hold a majority of the board may hear and rule on protests filed with it.

█ Moreover, Oklahoma statute also defines those conflicts of interest disqualifying board members from hearing matters presented to the board, and the prior employment of a board member by a party or business not seeking relief before the board is not proscribed. 68 O.S.1991 § 2861(H), (I). Because we discern no legally recognized conflict of interest attributable to the challenged Board member's prior employment by the business allegedly responsible for the asserted creosote pollution of Jackson's property in the present case, we therefore reject Jackson's first and second propositions of error.

In his fourth and fifth propositions, Jackson challenges the conduct of the county and court clerk in the performance of their duties, first, as to the county clerk, for alleged failure of the county clerk to provide a complete tape recording of Jackson's hearing before the Board for transcription, and second, as to the court clerk, for alleged refusal of the court clerk to allow Jackson to file a

transcription of the tape recorded Board meeting. As to the allegations against the court clerk, we find a copy of the transcription of the tape recorded meeting in the record on appeal bearing the file stamp of the court clerk of the Pushmataha County Clerk, and the trial court's order recites review thereof. Moreover, we have listened to the nearly unintelligible tape recording of the Board meeting in question, and the transcript submitted to the trial court, as near as we can tell, accurately sets forth the testimony and argument presented to the Board. In that regard, we cannot say the county clerk or court clerk improperly acted or refused to act as alleged by Jackson, and we consequently reject these allegations of error.

In his third proposition, Jackson alleges incomplete, and hence erroneous consideration of the proferred evidence of pollution of Jackson's property, which according to Jackson, adequately demonstrates a diminution of value thereof warranting relief. In this regard, an appeal from a decision of a county board of equalization lies to the district court of the same county, and:

> [T]he right of appeal ... may be either upon questions of law or fact including value, or upon both questions of law and fact. In case of appeal the trial in the district court shall be de novo.

68 O.S.Supp.1992 § 2880.1(A).

A trial *de novo* means that the district court pays no deference to the lower tribunal's decision, and conducts a *new* trial on questions of both law and fact. *See, e.g., Edge v. Board of County Commissioners of Choctaw County,* 318 P.2d 621, 625 (Okla.1957).

Thus, and although Oklahoma statute ordinarily requires the district court, in an appeal from an administrative order, to defer to the factual determinations of an administrative tribunal, Oklahoma law requires the district court, in an appeal from an order of the board of equalization, to conduct a trial *de novo* of both legal and factual issues without regard to the prior decision of the equalization board. *Cf.,* 75 O.S.1991 § 322, *with,* 68 O.S.Supp.1992 § 2880.1. However, in the present case, the trial court clearly believed

itself bound by the decision of the Board, so reciting in the journal entry of judgment and finding (1) Jackson did not meet his burden of proof before the Board, and (2) the evidence in the record supported the Board decision. Under these circumstances, we find the issue of misapplication of the standard of review fairly encompassed within Appellant's evidentiary challenge, and conclude the order of the trial court should be reversed, and the cause remanded to the trial court for *de novo* determination of Jackson's protest of the ad valorem valuation of his property.

The order of the trial court is therefore REVERSED, and the cause REMANDED for trial *de novo*.

HANSEN, P.J., and CARL B. JONES, J., concur.